# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GERALD T. BURRISS, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05-514-CV-W-FJG |
| ) | |
| PEARL I. FAIN, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. # 5).

Plaintiff filed the instant action on June 2, 2005. The instant action is identical to a case which plaintiff filed on August 9, 2000, Case No. 00-807-CV-W-FJG. On February 11, 2002, the Court issued an Order to Show Cause to the Plaintiff, directing him to show cause by March 4, 2002, why the case should not be dismissed for failure to prosecute. The Court advised plaintiff that if he failed to respond his case would be dismissed. A return receipt was received by the Court showing that plaintiff received the Order on February 12, 2002, however plaintiff did not respond or request an extension of time within the time allowed. On April 22, 2002, the Court dismissed Case No. 00-807 for failure to prosecute and for failure to comply with the Orders of the Court. On May 4, 2005, over three years later, plaintiff filed a Motion to Reopen his Case. The Court denied the Motion on May 11, 2005. Thereafter, plaintiff filed the second suit, Case No. 05-0514-CV-W-FJG, asserting the same claims against the same defendants

as he previously named in the first case.

Fed.R.Civ.P. 41(b) states as follows:

Involuntary Dismissal; Effect Thereof.

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

In <u>Semtek Internat. Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 506 (2001), the Court stated, "the effect of the 'adjudication upon the merits' default provision of Rule 41 (b) . . . is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim in the [same court]." See also <u>Bay Fireworks Inc. v. Frenkel & Co., Inc.</u>, 359 F.Supp.2d 257 (E.D.N.Y. 2005)("As instructed by the Supreme Court in <u>Semtek</u>, silence in a Rule 41(b) dismissal only bars refiling of the same claim in the *same* federal district court."); <u>Adame v. UETA Inc.</u>, No. Civ. A L-04-93, 2005 WL 1249262 (S.D.Tex. Apr. 25, 2005)("Since a dismissal for want of prosecution is presumptively an adjudication on the merits, <u>see</u> Fed.R.Civ.Pro. 41(b), that decision has the res judicata effect of barring any adjudication on [plaintiff's] instant suit.").

Thus, because plaintiff's first suit was involuntarily dismissed for want of prosecution pursuant to Fed.R.Civ.P. 41(b), this operates as an adjudication upon the merits. Plaintiff may not therefore refile in this Court for a second time, the same claims as he raised in his first suit. Therefore, the Court denied plaintiff's Motion to Proceed in Forma Pauperis (Doc. # 1) and his Motion for Appointment of Counsel (Doc. # 3).

In his Motion for Reconsideration, plaintiff only states that he wants the Court to grant him the right to resolve all issues in this matter. However, as explained above, plaintiff cannot bring the same claims against the same defendants in the same federal court. Therefore, the Court hereby **DENIES** plaintiff's Motion for Reconsideration (Doc. # 5).


Date:  June 13, 2006             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri           Fernando J. Gaitan, Jr.
          United States District Judge